Heinrich Michelsen, Respondent, *v.* Amelia L. Spies, as Executrix, etc., of Francis Spies, Deceased, Appellant.

*Adjournment of the trial of an action — what is a legal excuse for a party's absence — action on a promissory note — an insufficient allegation as to payment.*

Where a material issue is raised by the defendant in an action, she is entitled to present her side of the case; and if she is not present, but offers a legal excuse for the absence from the trial, the cause should be adjourned.

A physician's affidavit to the effect that a serious operation prevents the defendant's presence at the trial, and her testifying thereat, supplemented by the affidavit of the defendant's counsel that the defendant is the sole witness to a certain transaction or agreement relied upon to prove an affirmative defense alleged, and is a material witness as to the same (if none of the statements contained in the affidavits are controverted by the plaintiff, and it does not appear that he would be in any way injured by the delay), furnish a legal excuse entitling the defendant to an adjournment of the trial.

*Semble,* that in an action brought upon a promissory note made by the defendant's testator, an allegation of the answer that a certain sum was paid thereon, as an advance on any amount of *pro rata* dividend that might become due and payable to the payee on a final distribution of the testator's estate, is not equivalent to an allegation that such sum had been paid on the note. In case the estate is insolvent, the sum thus paid is to be credited upon and in reduction of any *pro rata* dividend, which dividend is to be computed upon the entire original claim and not upon the balance thereof remaining after deducting such advance.

Appeal by the defendant, Amelia L. Spies, as executrix, etc., of Francis Spies, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of December, 1894, denying the defendant's motion to open the default and set aside the inquest taken in the action.

*James N. Warner,* for the appellant.

*Hamilton R. Squier,* for the respondent.

O'Brien, J.:

The action is brought upon a demand promissory note for $12,000 made by defendant's testator to one Ferrand, transferred to plaintiff after maturity. The defendant admits the making of the note, but claims that she advanced and paid to Ferrand for the estate of the

testator the sum of $600, which payment was made at the request of said Ferrand as an advance on any amount of *pro rata* dividend that might become due and payable to said Ferrand upon the note on a final distribution of the property in the hands of the defendant as executrix under the will of the testator.

Upon the cause being reached for trial, the defendant presented a physician's affidavit to the effect that a serious operation would prevent her presence at the trial and testifying, which was supplemented by that of the defendant's counsel, that the defendant was the sole witness to the transaction or agreement between her and Ferrand regarding the payment of the $600, and was a material witness to prove such affirmative defense of payment. None of the statements contained in these affidavits was controverted by plaintiff, nor does it appear that he would have been in any way injured by the delay. Upon these affidavits a motion for an adjournment was made until defendant could testify, which motion was denied. Subsequently a motion was made before the trial judge to have the default opened and a new trial granted, which was likewise denied, upon the ground that plaintiff offered to admit the payment of $600 if pleaded. The affidavits furnished a legal excuse entitling the defendant to an adjournment if her testimony was material and necessary to an issue in the case.

The issue raised was, whether the $600 was a payment on the note, or a *pro rata* dividend on the debt. That these are not the same thing is evident from a consideration of the effect of such payment if we assume that the estate of the testator was insolvent and unable to pay the debt in full. In one event it would be but a payment on the indebtedness, leaving the balance upon which the creditor could obtain a dividend out of the estate; while, on the other hand, if the entire debt were presented and allowed, and a dividend less than the whole amount were to be applied upon plaintiff's claim, then the defendant would be entitled to a credit upon such dividend for the $600 already paid. This issue being raised, and it being a material issue, the defendant was entitled to present her side upon the trial. Not, however, being present, but offering a legal excuse, the cause should have been adjourned.

If the plaintiff is entitled to any benefit obtained contrary to the legal right which the defendant had to an adjournment, it should

only be upon the assumption that she could maintain her defense that the $600 was not a payment on the note, but was a *pro rata* dividend on the debt.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, unless the plaintiff stipulates to enter a judgment for the amount of the note, with interest thereon, without costs, and thereupon to indorse as a payment thereon a sum equal to $600, with interest from October 13, 1893, in which case the order is affirmed, without costs to either party.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

So ordered.